IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**BRYAN J. MOYE**                                                                  **PLAINTIFF**

**V.**                      **CASE NO. 3:24-CV-00233 LPR-JTK**

**COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION**                    **DEFENDANT**

## RECOMMENDED DISPOSITION

**I.**    **Procedures for filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

**II.**    **Introduction:**

Plaintiff, Bryan J. Moye ("Moye") filed applications for Title II disability benefits and Title XVI supplemental security income on July 5, 2021. (Tr. at 18). He

1

alleged disability beginning on March 1, 2020. *Id.* Moye later withdrew his application for disability benefits and amended his onset date to the date that he filed his applications, meaning he is proceeding with only the Title XVI application. *Id.*

The application was denied initially and upon reconsideration. *Id.* After conducting a hearing, an Administrative Law Judge ("ALJ") found that Moye was not disabled. (Tr. at 18-34). The Appeals Council denied Moye's request for review of the hearing decision on October 22, 2024. (Tr. at 1-7). The ALJ's decision now stands as the final decision of the Commissioner, and Moye has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

## III. **The Commissioner's Decision:**

The ALJ determined that Moye had not engaged in substantial gainful activity since the application date of July 5, 2021.[1] (Tr. at 21). The ALJ found, at Step Two, that Moye has the following severe impairments: blind in left eye, cataracts, degenerative disc disease and scoliosis of the lumbar spine, degenerative joint

---

[1] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

disease of the right knee, seizure disorder, anxiety disorder, depression, and schizophrenia. *Id*.

The ALJ determined that Moye did not have an impairment or combination of impairments that met or medically equaled a Listed Impairment.[2] (Tr. at 2-25). Next, the ALJ found that Moye had the residual functional capacity ("RFC") to perform work at the medium exertional level with the following additional limitations: (1) cannot climb ladders; (2) should avoid all exposure to unprotected heights and hazardous machinery, open bodies of water, and open flames; (3) no use of a motor vehicle or firearm as a work duty; (4) limited to mono vision; (5) can use judgment to make simple work-related decisions; (6) can maintain concentration, persistence, and pace for simple tasks; (7) can understand, carry out, and remember simple work instructions and procedures; (8) can adapt to changes in the work setting that are simple, predictable, and can be easily explained; and (9) can have occasional interaction with co-workers, supervisors, and the public. (Tr. at 25-26).

The ALJ determined that Moye was unable to perform any past relevant work. (Tr. at 31-33). Relying upon testimony from a vocational expert ("VE"), the ALJ found that, considering Moye's age, education, work experience, and RFC, jobs

---

[2] See 20 C.F.R. Part 404, Subpart P Appendix 1: "Adult Listing of Impairments."

existed in significant numbers in the national economy that Moye could perform. *Id*. Therefore, the ALJ concluded that Moye was not disabled. Id.

## IV. <u>Discussion</u>:

    A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'"

4

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B.   Moye's Arguments on Appeal

Moye contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. He argues that: (1) the ALJ erred in his evaluation of the opinion Nicole Martin, LMSW; and (2) the mental RFC did not incorporate all of Moye's impairments. Moye's appeal focuses on his mental impairments, and the Court will likewise limit its discussion thereto.[3]

Moye did suffer from mental impairments, and the ALJ found anxiety, depression, and schizophrenia to be severe impairments. (Tr. at 21). Even though the

---

[3] See *Noerper v. Saul*, 964 F.3d 738, 741 (8th Cir. 2020) ("Although our detailed discussion is targeted, we have considered the claimant's arguments and the record as a whole as to all of her impairments and their cumulative effect on her limitations.")

5

state-agency medical experts at the initial and reconsideration levels of review found that there was insufficient evidence to find that severe mental impairments were present (Tr. at 69-79), the ALJ clearly credited evidence that Moye had mental problems when he found severe mental impairments at Step Two.

Indeed, Moye presented as disheveled with flat affect and depressed mood at a number of appointments with his PCP, but he said that even a small dose of Seroquel improved his sleep and decreased auditory and visual hallucinations.[4] (Tr. at 333). Moye did not require inpatient hospitalization for his mental impairments, and he was discharged from mental health treatment for missing too many appointments (even though he testified that therapy helped his conditions).[5] (Tr. at 28-29, 52-53, 427-442). Moye also testified that he worked during a part of the relevant time-period. (Tr. at 47-58). These factors all undermine Moye's claim that mental impairments are disabling.

Ms. Martin filled out a medical source statement on September 1, 2023, in which she opined that Moye would have moderate limitations on his mental work

---

[4] Impairments that are controllable or amenable to treatment do not support a finding of disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000).

[5] A claimant's non-compliance with treatment is a legitimate consideration in evaluating the validity of his alleged disability. See *Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001).

functions, including needing enhanced supervision and regular breaks, inability to work appropriately with others, and inability to respond appropriately with change in the work setting (among other things). (Tr. at 453-457). The opinion statement was in checkbox form with little elaboration and no citation to evidence.[6] Ms. Martin issued the statement nearly two years after her treatment of Moye ended. (Tr. at 427-442).

The ALJ determined that Ms. Martin's statement was unpersuasive because it was inconsistent and unsupported by the medical evidence.[7] (Tr. at 30). The ALJ

---

[6] A conclusory checkbox form has little evidentiary value when it cites to no medical evidence and provides little or no elaboration. *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012).

[7] On January 28, 2017, the Administration promulgated new regulations governing how ALJs assess medical opinion evidence. The new rules provide that an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." See 20 C.F.R. §§ 404.1520c(a)–(c), 416.920c(a)–(c) (2017). Instead, ALJs are required to analyze whether opinion evidence is persuasive, based on: (1) supportability; (2) consistency with the evidence; (3) relationship with the claimant [which includes; (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extent of the treatment relationship; and (v) examining relationship]; (4) provider specialization; and (5) any other important factors. See 20 C.F.R. § 416.920c(c). An opinion is "more persuasive if it is supported by explanation and relevant objective medical evidence, and it is consistent with other evidence in record." *Norwood v. Kijakazi*, No. 21-3560, 2022 WL 1740785, at *1 (8th Cir. May 31, 2022) (unpublished per curiam) (citing 20 C.F.R. §§ 404.1520c(c), 416.920c(c)). An ALJ must give good reasons for his findings about an opinion's persuasiveness. *Phillips v. Saul*, No 1:19-CV-00034-BD, 2020 WL 3451519, at *2 (E.D. Ark. June 24, 2020) (first citing Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 FR 5844-01, at 5854, 5858 (January 18, 2017); then citing Articulation Requirements for Medical Opinions and Prior Administrative Medical Findings – Claims filed on or after March 27, 2017, SSA POMS DI 24503.030). An ALJ must address supportability and consistency.

specifically noted that Ms. Martin only saw Moye five times. *Id*. He also noted that she was not an acceptable medical source and her opinion was not signed by an acceptable medical source, like a psychiatrist.[8] *Id*. He also referenced the report of a consultative examiner who saw Moye in 2022. (Tr. at 414-417). That examiner noted that Moye had anxiety and depression, but the examiner assessed no mental functional limitations, and the ALJ found this opinion persuasive. (Tr. at 31).

The ALJ did elaborate on his finding that Ms. Martin's statement was inconsistent with and unsupported by the record. The reasons he gave are listed in the preceding paragraph. The lack of regular treatment, and Moye's positive response to medication, along with his ability to perform daily activities and work all undermine Ms. Martin's opinion and support the ALJ's conclusion.[9] The ALJ did not err in how he assessed Ms. Martin's statement.

While Moye contends the RFC did not incorporate all of his mental limitations, the mental RFC was very restrictive; it limited Moye to simple work with very basic mental skills required.[10] (Tr. at 25-26). Again, the consultative

---

[8] See 20 C.F.R. § 416.902(a) (defining acceptable medical sources); See *Shontos v. Barnhart*, 328 F.3d 418, 426 (8th Cir. 2003) (other sources may be considered along with acceptable medical sources). The ALJ duly considered and discussed Ms. Martin's source statement.

[9] See *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021) (the ALJ's reasoning in the opinion *in toto* may support his specific findings on the persuasiveness of source opinions).

[10] A claimant's RFC represents the most he can do despite the combined effects of all of his

examiner assessed no mental restrictions. In spite of this, the ALJ clearly gave credit to Moye's allegations in creating the RFC for simple work. Moye did not require aggressive treatment or inpatient hospitalization, he was discharged from therapy for not showing up, and he was able to perform a variety of daily activities. The RFC incorporated the limitations established in the record.

## V. Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly evaluated the medical opinion of Ms. Martin, and the RFC incorporated all of Moye's limitations. The finding that Moye was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 29th day of June, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater,* 94 F.3d 413, 418 (8th Cir. 1996). An ALJ is not required to include limitations in the RFC that are not supported by the evidence in the record. *McGeorge v. Barnhart*, 321 F.3d 766, 769 (8th Cir. 2003).