## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

**BRYAN J. MOYE**                                                                        **PLAINTIFF**

**v.**                              **Case No. 3:24-cv-00233-LPR**

**COMMISSIONER, SOCIAL**
**SECURITY ADMINISTRATION**                                              **DEFENDANT**

### ORDER

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Jerome T. Kearney (Doc. 15) and the Plaintiff's Objections (Doc. 16). After a *de novo* review of the RD, along with careful consideration of the Objections and the entire case record, the Court hereby approves and adopts the RD as its findings and conclusions in all respects.[1]

The Court acknowledges that the ALJ's decision in this case was based on particularly limited evidence, especially with respect to Plaintiff's mental impairments. The Court agrees with the RD, however, that the ALJ did not err in his assessment of Ms. Martin's treating source statement. The ALJ specifically found that this opinion was "inconsistent with and unsupported by the objective medical evidence."[2] Despite Plaintiff's objections to the contrary, the ALJ was not required to reiterate within his persuasiveness analysis the inconsistencies he had already

---

[1] There is one small exception. The RD says that the state-agency medical experts "found that there was insufficient evidence to find that severe mental impairments were present . . . ." Doc. 15 at 6. Based on the Court's review of the record, however, it appears that the state-agency medical experts did find that severe mental impairments were present, but that there was insufficient evidence in the record to perform the Psychiatric Review Technique and assess Plaintiff's "mental adaptive function." *See* Tr. at 68–70, 74–76, 82–83, 89–90. This discrepancy does not affect the correctness of the RD's analysis and conclusion in any way.

[2] Tr. at 30.

identified elsewhere in his decision.[3]

The Court acknowledges that Plaintiff argues the physical consultative exam referenced in the ALJ's analysis is not a proper countervailing medical opinion with respect to Plaintiff's mental impairments.[4]  Plaintiff also argues that "it is purely speculative to assume that [the ALJ] was referring to the examiner's raw clinical findings rather than to a nonexistent opinion."[5]  But, regardless of how the statement was intended (and even ignoring the reference altogether), the Court finds that the ALJ's persuasiveness analysis is supported by substantial evidence.[6]

Finally, the Court acknowledges Plaintiff's suggestion that, because the ALJ rejected Ms. Martin's treating source statement, the ALJ was required to further develop the record with respect to Plaintiff's mental limitations.[7]  But a claimant's RFC does not have to be supported by a specific medical opinion.[8]  Here, the ALJ thoroughly discussed the medical evidence supporting the RFC determination,[9] and it is clear that he based his decision on all of the relevant evidence, both medical and non-medical, in the record.  Plaintiff's arguments to the contrary amount to an invitation to re-weigh that evidence, which this Court cannot do.[10]  Because the ALJ's assessment is "within the 'available zone of choice' provided by the whole record," the Court must affirm the Commissioner's decision.[11]

---

[3] *See Cropper v. Dudek*, 136 F.4th 809, 815 (8th Cir. 2025) (noting that an "ALJ's brevity is not reversible error" and finding even a "cursory" supportability explanation sufficient where the ALJ had thoroughly reviewed treatment records elsewhere in the opinion (quoting *Grindley v. Kijakazi*, 9 F.4th 622, 631 (8th Cir. 2021)).

[4] Pl.'s Objections (Doc. 16) at 5.

[5] Pl.'s Reply Br. (Doc. 14) at 4.

[6] *See Cropper*, 136 F.4th at 815.

[7] Pl.'s Objections (Doc. 16) at 5.

[8] *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016).

[9] *See, e.g.*, Tr. at 29.

[10] *Austin v. Kijakazi*, 52 F.4th 723, 731 (8th Cir. 2022).

[11] *Id*. (quoting *Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021)).  That the Court is specifically addressing certain arguments by Plaintiff should not imply that the Court did not consider others.

IT IS THEREFORE ORDERED that the Commissioner's decision is AFFIRMED, and

Judgment will be entered for the Commissioner in this case.

DATED this 16th day of March 2026.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE